CANADA SUGAR-REFINING CO. v. INSURANCE CO. OF NORTH AMERICA.

(District Court, S. D. New York. June 3, 1897.)

MARINE INSURANCE ON "PROFITS" — VALUED POLICY — CONSTRUCTIVE "TOTAL LOSS"—ABANDONMENT.

The libelant was insured in the respondent's company for $15,000, on "profits" on a cargo of sugar, against "total loss only," valued at amount of insurance. Before insuring, the respondent had notice of a previous insurance of the same cargo by the Atlantic Mutual for $166,145. The policy on "profits" was designed to cover the additional value of the cargo above the prior insurance upon a rise in the market price. The vessel was afterwards stranded, and but $9,000 net was eventually saved out of the cargo, the salvage work being superintended by the agent of the Atlantic Mutual to whom the cargo was virtually abandoned; that company settled with the libelant as for a total loss, returning to the libelant on account, the cargo saved to the net value of $9,000. *Held*: (1) That there was a constructive total loss of the cargo; (2) and an actual total loss of the "profits," the subject of the insurance in the respondent's policy, that is to say, the value of the cargo over and above the amount insured by the Atlantic Mutual, which both parties understood to be the subject of the respondent's policy; (3) that no act of abandonment to the respondent was required, because there was no possibility that any part of the subject-matter of this policy could remain after the stranding, the right of the Atlantic Mutual to the possession of the whole cargo being superior, and incompatible with any possible abandonment of the sugar to the respondent; (4) that the subsequent receipt of a part of the sugar on account in settlement with the Atlantic Mutual, was merely by way of payment of its liability, and in no way inured to the defendant's benefit; and the libelant was therefore *held* entitled to recover the amount insured.

Butler, Notman, Joline & Mynderse, for libelants.
Hand & Bonney, for respondents.

BROWN, District Judge. On April 29, 1893, the respondent company insured for the libelant's benefit:

"$15,000 on profits on cargo sugar; against total loss only; valued at sum insured; shipped on board the British ship John E. Sayre at and from Iloilo to Montreal."

At that time the Sayre was at sea prosecuting the voyage. The libelant had 2,462 tons of sugars on board of her, amounting in value to $181,000, and had just completed insurance of the sugars to the amount of $166,145 in the Atlantic Mutual, of which insurance the respondent was informed before its insurance on profits was made. In July following, the Sayre stranded on the coast of Newfoundland, and all the cargo was lost excepting about 300 tons which was saved by the aid of salvors, of which one-half went to them as their agreed compensation. This agreement was originally made by the master soon after the stranding; but a few days afterwards the agent of the Atlantic Mutual appeared, to whom the master turned over the salvage operations. He confirmed the previous agreement with the salvors; reimbursed to the master the expenses already incurred by him, and thenceforward, with the libelant's consent and the defendant's knowledge and acquiescence, took the complete control and disposition of the cargo. The agent eventually bought from the salvors the moieties of the sugars allotted to them under the agreement, and then shipped all the sugar saved to the order of the insurers, to Montreal. The value of all the sugar that reached Montreal was about $20,000; and the expenses and salvage charges paid by the Atlantic Mutual thereon and the additional freight to Montreal exceeded $11,000, so that out of the whole cargo worth $181,000 less than $9,000 net was saved. The Atlantic Mutual settled with the libelant as for a constructive total loss, under its policy of $166,145, and it turned over the sugars saved in part settlement of that sum, on about the basis of the average pro rata policy valuation. The respondent contests its liability upon the policy on profits on the ground chiefly that the receipt by the libelant of a portion of the sugars, viz. about $20,000 in value, prevents the loss from being "total" within the terms of its policy.

The intention of both parties, I cannot doubt, was to insure under the designation of "profits" the interest of the libelant in this cargo over and above the sum of $166,145, for which the sugars were already insured in the Atlantic Mutual. The excess of the market value over that sum was at that time equal to the insurance of profits. It was a valued policy; and the provision as to "total loss only" is the ordinary provision of those policies which admit abandonment when the loss exceeds one-half the value, and is not the special limitation to an "actual total loss," which requires the destruction of the entire property in order to entitle the assured to recover anything.

Upon the facts in proof, I cannot sustain the defense in any aspect of the case. The subject of this policy was "profits" alone. The facts show that by the stranding all "profits" were utterly destroyed, and very much more. There was clearly a total loss of the subject insured,

viz. profits. No notice of abandonment of profits was necessary as all possibility of "profits" was manifestly gone, and no remnant of profits remained which could be abandoned to the defendant.

As respects the sugars themselves moreover, there was a practical abandonment to the Atlantic Mutual, the insurers on cargo. On their policy there was a constructive total loss, since not one-tenth net value of their policy was saved. That company's rights as respects any abandonment, were superior; and the defendant company could not legally have any abandonment to itself as insurer on profits, except on payment to the insurer of cargo of the whole amount of the latter's liability—in this case an absurd alternative. A policy on profits in a case like this, precludes any possibility of an abandonment by the assured by his own act alone; and hence no attempt to abandon to the defendant was required. Mumford v. Hallet, 1 Johns. 433, 439; Tom v. Smith, 3 Caines, 245, 251.

The receipt of about one-eighth of this cargo by the libelant in the manner above described does not affect the libelant's right to recover as for a "total loss": (1) Because upon every pound of sugar rescued more than half its value had been paid in order to recover it, so that there was not only an actual total loss of "profits," but a constructive total loss of the sugar as well, and insurance on profits is subject to a constructive total loss. Abbot v. Sebor, 3 Johns. Cas. 39, 46. (2) Because none of the sugar ever came to the libelant in the ordinary course of the voyage, or through any delivery to the libelant as consignee by the carrier; but only through a delivery by the insurer of cargo, after a practical abandonment to the latter, and through a settlement by the insurer as upon a total loss, in which the sugar was received by the libelant upon an equitable basis in part payment, and as the equivalent of its value in cash, as any other property might have been received.

Decree for the libelant, with costs.